**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LEMON WILLIAMS** | § | **PLAINTIFF** |
| | § | |
| **V.** | § | **Civil Action No. 1:05CV111LG-RHW** |
| | § | |
| **LOWE'S HOME CENTERS, INC.** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

BEFORE THIS COURT is Defendant's Motion for Summary Judgment filed August 30, 2006, pursuant to FED. R. CIV. P. 56. Plaintiff filed a response and the Defendant thereafter replied. In this action, filed pursuant to Title VII of the Civil Rights Act of 1964, the Plaintiff contends that his termination was unlawfully based upon his race. Plaintiff also brings state law claims of intentional and negligent infliction of emotional distress. The Court has fully reviewed the submissions. For the reasons set forth more fully below, the Court finds that a genuine issue of material fact exists as to the Title VII claims which preclude judgment as a matter of law. The Court further finds that Plaintiff has failed to produce summary judgment evidence to support the essential elements for his claims of intentional and negligent infliction of emotional distress; therefore, Defendant's Motion for Summary Judgment should be granted with regard to those claims.

FACTS AND PROCEDURAL HISTORY

The Plaintiff, Lemon Williams, an African American male, began working for Lowe's in 1990 as a warehouse helper. Approximately four years later, Plaintiff became a delivery driver, where he remained for several years before being promoted to Delivery Manager. *Ex.*

*"A" to Mtn. for Summary Judgment at p. 18-20.* Plaintiff served as Delivery Manager for a year before voluntarily resigning that position on December 11, 1997. He thereafter required his position of delivery driver. *Id.* at 33-34.

On or about December 12, 2003, Plaintiff and fellow employee, Jimmy Dunn, were delivering appliances in a Lowe's delivery truck. The two men delivered a new washing machine and retrieved the customer's old washing machine. Apparently, Lowe's offers this pick-up/disposal service to its customers who have new appliances delivered. Plaintiff and Dunn then dropped off the washing machine at Plaintiff's residence using the Lowe's delivery truck. *Id.* at 46-49. Plaintiff did not request authorization and/or permission for making the unscheduled stop at his home. *Id.* at 51-52. On December 17, 2003, Plaintiff was terminated for allegedly diverting from a scheduled delivery route in violation of company policy. Following his dismissal, Plaintiff timely filed a discrimination complaint with the Equal Employment Opportunity Commission. ["EEOC"] On December 6, 2004, the EEOC issued its Dismissal and Notice of Right to Sue. *Notice of Rights attached as Ex. "A" to Complaint.* Plaintiff filed the instant complaint on March 3, 2005.

## DISCUSSION

### PLAINTIFF'S TITLE VII CLAIMS

In order to survive a motion for summary judgment, Williams must first "establish a *prima facie* case of discrimination by a preponderance of the evidence." *Pratt v. City of Houston*, 247 F.3d 601, 606 (5th Cir. 2001), *citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, (1973). Once a *prima facie* case of discriminatory discharge "has been established, there is a presumption of discrimination, and the burden shifts to the defendant to articulate some

legitimate, nondiscriminatory reason for the challenged employment action." *Pratt*, 247 F.3d at 606, *citing McDonnell Douglas*, 411 U.S. at 802-04; *Reeves v. Sanderson Plumbing Prods., Inc*. 530 U.S. 133 (2000). If such a showing is made, the burden shifts back to the plaintiff to: "offer sufficient evidence to create a genuine issue of material fact either 1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or 2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristics (mixed-motive alternative)." *Keelan v. Majesco Software, Inc.,* 407 F.3d 332, 341 (5th Cir. 2005) *quoting Rachid v. Jack in the Box, Inc.,* 376 F.3d 305, 312 (5th Cir. 2004). To establish a *prima facie* case, Williams must provide evidence that he: (1) is a member of a protected class; (2) was qualified for his position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, shows "that others similarly situated were treated more favorably." *Bryan v. McKinney & Co., Inc.,* 375 F.3d 358, 360 (5th Cir. 2004); *Okoye v. Univ. of Tex. Houston Health Science Center*, 245 F.3d 507, 512-13 (5th Cir. 2001).

In the present case, the first three elements are not disputed. Plaintiff is a member of a protected class, he was qualified for his position and was terminated from said position. However, Plaintiff claims that under the circumstances he was treated more harshly than similarly situated Caucasian employees. Defendant contend that Plaintiff is unable to produce any competent evidence to show that Defendant intentionally treated him differently from "similarly-situated white employees under 'nearly identical' circumstances." *Br. in Support of Mtn. for Summary Judgment at p. 10 (citations omitted).* In order for a Plaintiff "to establish disparate treatment a plaintiff must show that the employer gave preferential treatment to

[another] employee under 'nearly identical' circumstances; that is, 'that the misconduct for which [the plaintiff] was discharged was nearly identical to that engaged in by . . . [other] employee[s].'" *Okoye*, 245 F.3d at 514 (citations omitted). Factors to be considered include the conduct of the employee, the supervisor involved in any employment action and the employer's perception of the seriousness or severity of the employee's conduct. *Little v. Republic Refining Co., Ltd.,* 924 F.2d 93, 97 (5th Cir. 1991).

It is undisputed that Plaintiff's fellow employee, Jimmy Dunn, who is Caucasion, and was driving the Lowe's delivery truck on the date in question was not terminated. The facts and circumstances of this case, specifically, Dunn's actions of driving the truck and making an unauthorized stop are "nearly identical" to the acts committed by Plaintiff. In addition, Dunn's responsibilities and tenure were similar - if not identical - to Plaintiff's. Dunn is therefore a "similarly situated" employee under "nearly identical circumstances" who was treated differently. There are no significant differences in their positions and responsibilities; therefore the Court finds that the Defendant was obligated to treat them equally. *Okoye*, 245 F.3d at 515. Based on the record before the Court, Plaintiff has established a *prima facie* case of discrimination.

The next inquiry is to determine whether Defendant offered a legitimate, non-discriminatory reason for Plaintiff's discharge. In the present case, Plaintiff was terminated for unauthorized use of company property in violation of company policy. Plaintiff submits that other drivers, who engaged in similar activities, were not terminated for similar violations of

this policy.[1] Plaintiff testified at his deposition that he accompanied a Mr. Bunn on a delivery where an appliance was carried away and dropped at Bunn's home. Plaintiff's testimony coupled with the fact that Jimmy Dunn, a similarly situated white male, was not terminated for the same December 11, 2003, stop while driving a Lowe's truck comprises evidence, however slight, which casts doubt on the Defendant's proffered reason for Plaintiff's discharge. In *Reeves v. Sanderson Plumbing Products, Inc*. 530 U.S. 133, 120 S.Ct. 2097 (U.S. 2000), the adequacy of the evidence submitted by Plaintiff in support of her Age Discrimination in Employment Act ["ADEA"] claim was analyzed and considered . The Supreme Court determined that it was error to require Plaintiff to produce additional and independent evidence of discrimination: "a plaintiff's *prima facie* case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Id*. at 148-49, 2108-09; *accord Kanida v. Gulf Coast Medical Personnel LP,* 363 F.3d 568, 574 (5th Cir. 2004); *Patrick v. Ridge,* 394 F.3d 311, 315 -316 (5th Cir. 2004)("In some instances, proof of pretext alone will suffice."). "Summary judgment is inappropriate when 'evidence taken as a whole (1) creates a fact issue as to whether each of the employer's stated reasons was what actually motivated the employer and (2) creates a reasonable inference that [race] was a determinative factor in the actions of which plaintiff complains.'" *Pratt v. City of Houston Tex.*, 247 F.3d 601, 606-07 (5th Cir. 2001)*; quoting Vadie v. Mississippi State*

[1]The Defendant, in its rebuttal, contends that Plaintiff has improperly relied on an unauthenticated transcript of the unemployment benefits hearing to further substantiate this argument. The Court agrees that this is not competent summary judgment evidence and has therefore not utilized said transcript in the analysis of Plaintiff's claims. *See Garcia v. Gloor,* 618 F.2d 264, 272 (5th Cir. 1980)(unauthenticated transcript properly excluded under FED.R.EVID. 901).

*University*, 218 F.3d 365, 373 (5th Cir. 2000), *cert. denied,* 531 U.S. 1150, 121 S.Ct. 1092, 148 L.Ed.2d 966 (2001). Based on the evidence before the Court, there exists a question of fact as to whether Defendant's stated non-discriminatory reason for Plaintiff's termination is a pretext for unlawful racial discrimination.

PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM:

Plaintiff also claims that the Defendant "willfully, wantonly and with reckless disregard inflicted emotional distress on the Plaintiff by the aforesaid acts and omissions." *¶ 25 of Complaint.* Plaintiff supports his claim for punitive damages by reference to the finding made by the Mississippi Employment Security Commission: "Lowe's failed to equally and fairly enforce their policy in discharging [Mr. Williams] when other drivers have done the same thing and not even received a reprimand." *Plaintiff's Br. at p.10; Ex. "B" to Response to Mtn. for Summary Judgment at p. 10.*

In Mississippi it is not enough that the defendant has acted "with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has only been found where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *White v. Walker*, 950 F.2d 972, 978 (5th Cir. 1991) (quoting RESTATEMENT (SECOND) OF TORTS § 46, comment d). Liability does not extend to "mere insults, indignities, threats, annoyances, petty oppression, or other trivialities." *Raiola v. Chevron U.S.A., Inc.,* 872 So.2d 79 (Miss. 2004). "To justify a finding that this tort has occurred, the defendant's conduct

must be 'wanton and wilful and it would evoke outrage or revulsion.'" *Speed v. Scott,* 787 So.2d 626, 630 (Miss.2001)*, quoting Leaf River Forest Prods., Inc. v. Ferguson,* 662 So.2d 648, 659 (Miss.1995); *Hatley v. Hilton Hotels Corp.,* 308 F.3d 473, 476 (5th Cir. 2002). "A Mississippi federal court defined the necessary severity as acts 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Speed*, 787 So.2d at 630, *quoting Pegues v. Emerson Elec. Co.*, 913 F.Supp. 976, 982 (N.D.Miss.1996) (quoting Restatement (Second) of Torts § 46 cmt. d. (1965)).

Plaintiff has not identified any facts that tend to show conduct on the part of the Defendant that is so outrageous and extreme in degree as to go beyond all possible bounds of decency. Instead, Plaintiff has identified a work dispute in support of this claim. "Mere employment disputes are not actionable through intentional infliction of emotional distress claims, including unfair criticism of job performance, poor evaluation, demands that employee quit or face termination based on fabricated reasons, harassment and termination." *Gardner v. Swedish Match North America,* 2006 WL 2483240 at *4 (S.D. Miss.2006). The Defendant is therefore entitled to judgment as a matter of law on Plaintiff's claim of intentional infliction of emotional distress.

PLAINTIFF'S NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM:

Plaintiff's negligent infliction of emotional distress claim requires him to "establish by a preponderance of the evidence each of the elements of negligence: duty, breach, causation and injury." *Miss. Dep't of Transp. v. Cargile,* 847 So.2d 258, 262 (Miss. 2003) (citations omitted) Plaintiff claims that Defendant negligently inflicted emotional distress on him by firing him for

use of company property while others who engaged in similar conduct failed to receive even a reprimand. However, Mississippi jurisprudence disallows Plaintiff's negligence claim as it relates to his employment.

> In *Campbell v. Jackson Business Forms Co.,* 841 F.Supp. 772 (S.D.Miss.1994), plaintiff sued her employer alleging that she had been sexually harassed and asserting claims under Title VII, as well as various state law claims, including negligent supervision. The court dismissed this claim, holding that it was 'clearly barred' by the Workers' Compensation statute. *Id.* at 774. 'Because [plaintiff] alleges that her claim arose out of the employer-employee relationship between her and [defendant], and because the tort claim is clearly grounded in negligence, her negligent supervision claim ... is barred by the Workers' Compensation Law.' *Id.* (citations omitted). *See also Means v. B & G Food Enters.,* 2006 U.S. Dist. LEXIS 65835, at * 39-40 (S.D.Miss. Sept. 13, 2006) (holding that plaintiff's claims of negligence and negligent infliction of emotional distress stemming from allegedly hostile work environment were barred by worker's compensation statute); *Disney v. Horton,* 2000 U.S. Dist. LEXIS 5359, at *27-28 (N.D.Miss.2000) (granting summary judgment for defendant on negligent infliction of emotional distress claim based on alleged workplace sexual harassment because 'Mississippi cases which have considered the viability of a negligence claim in the employer/employee context refused to allow such an action.' *Griffin v. Futorian Corp.,* 533 So.2d 461, 463-64 (Miss.1988)(holding that where employee claimed that employer and manager wilfully failed to remedy a situation which caused injury, workers' compensation law barred advancement of the claim).

*Howard v. Hancock Medical Center,* 2006 WL 3487109, *7 (S.D.Miss. 2006); *see also Allen v. NPC Int'l, Inc.,* 1996 WL 407564, at *5 (N.D.Miss June 10, 1996) ("claim for negligent infliction of emotional distress does not arise from acts of intentional discrimination. Furthermore, any state tort claim grounded in negligence asserted by the plaintiff would be barred by the exclusive remedy provision of the Mississippi Workers' Compensation Law."). Based on established precedent, the Court finds that summary judgment in favor of the Defendant is appropriate as to Plaintiff's claim of intentional and negligent infliction of emotional distress.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons cited above,

Lowe's Motion for Summary Judgment pursuant to FED. R. CIV. P. 56(b) filed August 30, 2006, [20-1] should be, and is, hereby **DENIED** as to Plaintiff's Title VII and 42 U.S.. § 1981 claims.

**IT IS FURTHER ORDERED AND ADJUDGED** that, for the reasons cited above, Lowe's Motion for Summary Judgment on Plaintiff's claims of intentional and negligent infliction of emotional distress filed pursuant to FED. R. CIV. P. 56(b) on August 30, 2006, [20-1] should be, and is, hereby **GRANTED.**

**SO ORDERED AND ADJUDGED** this the 31st day of January, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE